```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

NANCY M. SHAW, Individually
and as Personal Representative
of the Estate of Richard F. Shaw,
     Plaintiff,

          v.                                    CIVIL ACTION NO.
                                                14-13000-RGS

WARREN PUMPS, LLC, et al.,
     Defendants.

**MEMORANDUM AND ORDER RE:
DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXPERT
DISCLOSURE OF DR. DAVID G. KERN
(DOCKET ENTRY # 360)**

June 10, 2016

**BOWLER, U.S.M.J.**

Pending before this court is a motion to strike an expert disclosure of David G. Kern, M.D. ("Dr. Kern") filed by defendants. (Docket Entry # 360). Defendants seek to preclude Dr. Kern, one of plaintiff's experts, from testifying at trial in light of a failure to provide the disclosure in accordance with the applicable scheduling deadline. After conducting a hearing on June 9, 2016, this court took the motion under advisement.

In January 2016, this court allowed a joint motion to extend pretrial deadlines by 30 days (Docket Entry # 356). (Docket Entry # 357). As a result, the deadline for plaintiff to serve defendants with the final expert report of Dr. Kern was February

1, 2016.[1]  (Docket Entry # 356, Ex. A) (Docket Entry # 357).
Plaintiff did not email the report to defendants' lead discovery counsel until February 16, 2016, two weeks after the deadline. At this point, there is no trial date.

## DISCUSSION

Unless the failure to disclose the report is substantially justified or harmless, the failure to provide the expert report by the deadline triggers the imposition of sanctions under Rule 37(c)(1).  Fed. R. Civ. P. 37(c)(1); see Pena-Crespo v. Commonwealth of Puerto Rico, 408 F.3d 10, 13 (1st Cir. 2005). "'The required sanction in the ordinary case is mandatory preclusion,"' Poulis-Minott v. Smith, 388 F.3d 358, 358 (1st Cir. 2004), in other words, precluding plaintiff from calling Dr. Kern to testify about the information in his report at trial.  See Pena-Crespo v. Commonwealth of Puerto Rico, 408 F.3d at 13. Preclusion of the testimony under Rule 37(c)(1), however, "is not a strictly a mechanical exercise" and "district courts have some discretion in deciding whether or not to impose" it.  Santiago v. Laboratorio Clinico Y De Referencia Del Este and Sara López, 456 F.3d 272, 276 (1st Cir. 2006).  In deciding whether to exclude Dr. Kern from testifying about the contents of his expert report at trial, this court has considered and weighed a number of

---

[1] This court subsequently modified the above deadline with respect to two of plaintiff's experts.  (Docket Entry # 359).

factors, including the factors identified by the First Circuit in Santiago, 456 F.3d at 276.  The history of this litigation evidences plaintiff's consistent cooperation during the discovery process.  Plaintiff's delay in producing the report was only two weeks after the deadline and there is no trial date.  Plaintiff's need for Dr. Kern's testimony is significant and defendants have the ability to overcome the adverse effects of the late disclosure because this court will allow them an opportunity to submit rebuttal expert reports and conduct a deposition of Dr. Kern.  Having considered and balanced the relevant factors and recognizing that preclusion is mandatory in the ordinary case, the late disclosure is harmless and shall not preclude Dr. Kern from testifying at trial about the contents of his report.

## CONCLUSION

In accordance with the foregoing discussion, the motion to strike (Docket Entry # 360) is **DENIED.**  Defendants are afforded an additional 30 days to provide one or more rebuttal reports to Dr. Kern's report and to conduct Dr. Kern's deposition.

      /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge